IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONITA HALL a/k/a | : | |
| LOUISE REDDITT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v.   . | : | CASE NO. 5:11-CV-170 -MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| FAYETTE COUNTY, GEORGIA, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**REPORT AND RECOMMENDATION**

On May 5, 2011, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis* on May 18, 2011, but also Ordered Plaintiff to recast her Complaint. (Order, May 18, 2011, ECF No. 5.) By Order dated August 29, 2011 (ECF No. 21), the Court gave Plaintiff a second opportunity to recast her Complaint. On August 31, 2011, the Court received Plaintiff's "Motion for Protective Order" (ECF No. 22), in which Plaintiff asks to be transferred from Pulaski State Prison ("PSP") to another prison due to "daily abuse and threats" from inmates and guards. She further asks that the Defendants "produce and file with the Courts all grievances filed by Plaintiff during the months of September 20, 2010 through the present" (Mot. for Protective Order, Ex. A, ECF No. 22-3).

Plaintiff's request to be transferred from PSP is a request for injunctive relief.[1] Injunctive relief is appropriate only

> where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant; and (d) the . . . preliminary injunction would not be adverse to the public interest.

*Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks and citations omitted).

In the present case, Plaintiff has not alleged sufficient facts to support her request for injunctive relief under the above standard. Plaintiff fails to allege that she will suffer irreparable injury at PSP. Instead, she alleges only a speculative possibility of future injury. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." (internal quotation marks and citation omitted) (emphasis in original)); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). Plaintiff also fails to

---

[1] Rule 26(c) of the Federal Rules of Civil Procedure allows a person from whom discovery is sought to move for a protective order limiting discovery. Clearly Plaintiff does not seek a protective order under Rule 26 (c). *Cf. Shaw v. Cowart,* 300 F. App'x 640, 643 (11th Cir. Nov. 13, 2008).

allege facts suggesting that she will likely succeed on the merits of her claims. Finally, Plaintiff has not shown that the alleged threat outweighs the harm to the administration of the prison system or that granting the motion will not be adverse to the public interest. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). There is simply no indication that the "drastic remedy" of injunctive relief is warranted at this juncture.

As to Plaintiff's request for production of grievances, said request is premature. After Plaintiff recasts her complaint as ordered by this Court, the Court must screen Plaintiff's complaint to identify claims that are subject to dismissal as frivolous, malicious, or legally insufficient. *See* 28 U.S.C. § 1915A. Discovery will not commence unless and until this Court allows the case to proceed and be served upon the Defendants. This request should therefore be DENIED.

Based on the foregoing, it is RECOMMENDED that Plaintiff's motion be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 14th day of September, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE