IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TONITA HALL a/k/a LOUISE REDDITT, :
:
    Plaintiff :
:
vs. :
:
FAYETTE COUNTY, GEORGIA, :   NO. 5:11-CV-170 (MTT)
*et al.*, :
:
    Defendants :   **O R D E R**
_____

On May 18, 2011, the Court ordered Plaintiff **TONITA HALL a/k/a LOUISE REDDITT** to recast her complaint because it was a typical "shotgun" pleading, was excessive in length, and joined unrelated claims and various defendants from four different prisons (three of which are located in the Northern District of Georgia) (Doc. 5). Plaintiff instead appealed the Court's Order to the Eleventh Circuit Court of Appeals (Doc. 12). That appeal was dismissed for lack of jurisdiction (Doc. 20). On July 7, 2011, Plaintiff filed two pleadings, neither of which complied with the Court's Order to Recast (Docs. 17 & 18). Because Plaintiff is proceeding *pro se*, the Court gave her a second opportunity to recast her complaint (Doc. 21). The Court expressly informed Plaintiff that if she failed to file a recast complaint within 21 days of August 29, 2011, the Court would dismiss her complaint with prejudice. As of today's date, Plaintiff has yet to recast her complaint.

On September 23, 2011, the Court received Plaintiff's "Motion to Present this Case to the Judicial Panel on Multidistrict Litigation" (Doc. 27) and "Motion to Abate Pending Disposition of Decision by Judicial Panel on Multidistrict Litigation" (Doc. 24). In her motions, Plaintiff continues to object to this Court's orders that she recast her complaint and its direction that Plaintiff file separate actions for her unrelated claims arising at different prisons.  Plaintiff appears to ask this Court to transfer her case to the United States Judicial Panel on Multidistrict Litigation.[1]

Plaintiff's request that this case be transferred to the Multidistrict Litigation Panel is inappropriate.  Under 28 U.S.C. § 1407(c)(ii), Plaintiff must make such a request to the Multidistrict Litigation Panel.  Moreover, the Panel is utilized only when common questions of fact are pending in different district courts. *See* 28 U.S.C. § 1407(a).  Even if Plaintiff were to file her claims arising at different prisons in separate actions as ordered by this Court, her claims would not present common issues of fact.  It is precisely this reason that the Court directed Plaintiff to file separate actions, and Plaintiff's compliance is necessary for this Court efficiently to manage its docket. Plaintiff's pending motions are therefore **DENIED**.

In its second Order to recast, dated August 29, 2011, the Court informed Plaintiff that she was being given one last opportunity to file a recast complaint that complies with the basic filing requirements of the Federal Rules of Civil Procedure.  This Court

---

[1] Plaintiff also seeks refund of $20.00 she paid this Court for copying certain documents.  The Court will refund to Plaintiff the sum of $16.50, which is the amount remaining after the cost of the copies requested by Plaintiff.

warned Plaintiff that it would dismiss her complaint with prejudice if she continued to disregard the Court's instructions. Because it appears that affording Plaintiff yet another opportunity to recast her complaint would be futile, the instant lawsuit is hereby **DISMISSED**.[2] *See **Goodison v. Washington Mutual Bank***, 232 F. App'x 922 (11th Cir. May 18, 2007) (affirming District Court's dismissal of complaint where Plaintiff failed to make meaningful modifications of shotgun pleadings); ***Moon v. Newsome***, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal of *pro se* complaint with prejudice not an abuse of discretion where the plaintiff has been forewarned). This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

In accordance with this Court's prior Order, Plaintiff paid an initial partial filing fee of $18.33. Notwithstanding this Court's dismissal of her case, Plaintiff remains obligated to pay the balance of the $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager of Pulaski State Prison.

---

[2] This dismissal Order renders moot the pending Report and Recommendation (Doc. 23).

**SO ORDERED**, this 27th day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr